# THE SAMUEL LAW FIRM

### ATTORNEYS AT LAW

1441 BROADWAY, SUITE 6085, NEW YORK, NY 10018
PHONE: (212) 563-9884 | FAX: (212) 563-9870 | WEBSITE: www.thesamuellawfirm.com

**MICHAEL SAMUEL**
michael@samuelandstein.com

January 12, 2026

**MEMO ENDORSED**

HON. VALERIE FIGUEREDO
UNITED STATES MAGISTRATE JUDGE

**Dated: January 20, 2026**

Defendants are directed to file a response
to Plaintiffs' motion at ECF No. 32 by
**January 23, 2026**.

Via ECF

Hon. Victor Figueredo
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: Luna et al. v. LB Environment Cleaning Solutions, Inc. et al.
Case No. 1:25-cv-07393 (VSB)(VF)

Dear Judge Figueredo:

Plaintiffs respectfully submit this letter pursuant to Your Honor's Individual Rules to request Court assistance with a discrete discovery dispute that remains unresolved despite good-faith meet-and-confer efforts.

I. Certification of Good-Faith Meet and Confer

Counsel for Plaintiffs sought to confer in good faith with counsel for Defendants regarding this issue by email on December 18, 2025, December 24, 2025, and January 7, 2026, and offered to confer by telephone. In addition, I left a message for Talysia Francis, Counsel for Garner on Monday, January 12, 2026 as a follow up to my previous email requesting a meet and confer. Ms. Francis emailed me in response to my voicemail that she would be available on January 15, 2026 for a meet-and confer. I received an email from her on that date at 10:16 AM stating that she was no longer available for a meet-and-confer, but that she would not be producing the documents. I sent her an email at 10:44 AM in response asking that she insert her position into this letter no later than 4:00 PM on January 15, 2026 but have not received a response. Despite multiple attempts at a meet-and-confer, the dispute remains unresolved.

II. Discovery at Issue

Plaintiffs seek production from Defendant Garner Environmental Services, Inc. of the following limited and targeted documents:

A sampling of invoices submitted to New York City (including DHS or related agencies) reflecting billing rates for the shelter work at issue;

Applicable reimbursement schedules and rate sheets governing those contracts; and

Certified payroll records submitted in connection with that work.

These requests were demanded multiple times and are directed solely to documents in Garner's possession, custody, or control.

III. Defendants' Position
Defendants have stated only that they are "still discussing with the client" and have declined to provide any timeline for production. Ms. Francis has also advised that some or all of the documents are confidential and that some or all are irrelevant for purposes of the mediation We have a mediation scheduled for January 29, 2026 and will need these documents in order to have a meaningful mediation session.

IV. Relevance and Proportionality

The requested materials are central to Plaintiffs' prevailing wage claims. They bear directly on how Garner billed New York City for the work performed and whether workers were paid in compliance with applicable prevailing wage requirements.

The request is narrowly tailored, seeks only a sampling of records, and imposes minimal burden. Plaintiffs' damages continue to increase significantly with each passing week.

V. Relief Requested

Plaintiffs respectfully request that the Court enter an order directing Defendant Garner Environmental Services, Inc. to produce the above-referenced documents by January 19, 2026, or alternatively, set a firm production deadline deemed appropriate by the Court.

Plaintiffs do not seek to adjourn the mediation and believe this limited intervention will materially assist the parties in evaluating resolution.

We thank the Court for its time and attention and are available should Your Honor wish to address this dispute by conference.

Very sincerely,

Michael Samuel
