**MEMO ENDORSED**

**HON. VALERIE FIGUEREDO**
**UNITED STATES MAGISTRATE JUDGE**

**Dated: March 13, 2026**

Defendant Garner is directed to serve its responses and objections to Plaintiffs' discovery requests by **March 20, 2026**. The parties are then directed to meet and confer to discuss the responses. If the parties are unable to resolve the dispute, they may file a joint letter with the Court. The Clerk of Court is respectfully directed to close the motion at ECF No. 38.

**MICHAEL SAMUEL**
michael@samuelandstein.com

Via ECF

Hon. Valerie Figueredo
United States Magistrate Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re: Luna et al. v. LB Environment Cleaning Solutions, Inc. et al.
Case No. 1:25-cv-07393 (VSB)(VF)

Dear Judge Figueredo:

Plaintiffs respectfully submit this letter pursuant to the Court's Individual Rules to seek the Court's assistance with a discovery dispute concerning documents in the possession of Defendant Garner Environmental Services, Inc. ("Garner"). Although Plaintiffs have now served formal document requests seeking the materials at issue, Garner has made clear through prior correspondence and discussions that it does not intend to produce the documents. Because the parties are already at an impasse, Plaintiffs respectfully seek the Court's intervention now rather than waiting for the formal response deadline to expire, which would only delay resolution of a dispute that is already fully documented.

I. Good Faith Meet and Confer

Plaintiffs have made multiple attempts to resolve this issue without Court intervention. As set forth in Plaintiffs' prior correspondence, counsel for Plaintiffs contacted Garner's counsel on several occasions by email and telephone in an effort to confer regarding the production of these documents. Despite these efforts, Garner declined to provide the requested materials and advised that it would not produce them, asserting that the documents were irrelevant and confidential.

II. Discovery at Issue

Plaintiffs seek production of a limited and targeted set of documents in Garner's possession, custody, or control, including:

A sampling of invoices submitted by Garner to New York City (including DHS or related agencies) reflecting billing rates for the shelter work at issue;

Applicable reimbursement schedules and rate sheets governing those contracts;

Budget proposals for work performed at the shelter;  and

Certified payroll records submitted in connection with the work performed by Plaintiffs.

Plaintiffs have now served formal requests for production seeking these materials. The documents sought are narrowly tailored and are directly relevant to Plaintiffs' prevailing wage claims.

III. Relevance

Plaintiffs allege that the work at issue was performed on a public works project requiring payment of prevailing wages pursuant to New York Labor Law § 220. The documents requested are directly relevant to those claims because they bear on how Garner billed the City for the work performed and whether the labor performed by Plaintiffs was compensated in accordance with applicable prevailing wage requirements.

These materials are uniquely within Garner's possession and cannot be obtained from any other source. Plaintiffs have already made a FOIL request for some or all of these documents but have not received any responsive documents and do not anticipate receiving them any time in the near future. The requests are limited in scope and impose minimal burden on Garner.

IV. The Dispute Is Ripe for Court Intervention

Garner has already taken the position that the requested documents will not be produced, asserting that the materials are irrelevant and confidential. Because Garner has made clear that it does not intend to produce the documents voluntarily, waiting for the expiration of the formal response deadline to Plaintiffs' discovery demands would serve no practical purpose and would only delay resolution of a dispute that is already fully developed.

V. Relief Requested

Plaintiffs respectfully request that the Court enter an order directing Defendant Garner Environmental Services, Inc. to produce the above-referenced documents within a reasonable time period deemed appropriate by the Court, or alternatively schedule a brief discovery conference so that the dispute may be addressed promptly.

Plaintiffs thank the Court for its time and consideration and remain available should the Court wish to address this issue by conference.

Very sincerely,

Michael Samuel